UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

A.C.H., a male juvenile,  Civil No. 06-sc-2262 (JMR/FLN)

    Petitioner,

v.  **REPORT AND RECOMMENDATION**
    **[Under Seal]**

United States of America,

    Respondent.

---

Katherine Menendez, for Petitioner.
Clifford B. Wardlaw, Assistant United States Attorney, for Respondent.

---

**THIS MATTER** came before the undersigned United States Magistrate Judge on the Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [#1]. The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons which follow, this Court recommends that the Petition be granted.

## I. BACKGROUND

Petitioner A.C.H. (hereinafter "Petitioner") is currently incarcerated at the Federal Correctional Institution in Sandstone, Minnesota (hereinafter "FCI Sandstone"). *See* Declaration of Ann Norenberg (hereinafter "Norenberg Decl.") ¶ 3. Petitioner is a juvenile male who was adjudicated delinquent by the District Court for the District of South Dakota, Central Division, pursuant to 18 U.S.C. § 5032, when he admitted to Count I of the January 25, 2002, information that alleged an offense of second degree burglary, Aiding and Abetting, and Juvenile Delinquency in violation of 18 U.S.C. §§ 1153, 2, and 5032, and South Dakota Codified Law 22-32-3. Norenberg

-1-

SCANNED
NOV 2 8 2006
U.S. DISTRICT COURT MPLS

Decl. ¶ 3, Attach. A, Public Information Data. The offense that led to the information was committed on December 15, 2000, on the Cheyenne River Indian Reservation in Indian Country at Eagle Butte, South Dakota. Petitioner was originally sentenced on April 29, 2002, to probation for this offense until Petitioner reached the age of 21 years old. Norenberg Decl. ¶ 3.

On March 11, 2005, a petition to revoke Petitioner's probation was filed in the United States District Court for the District of South Dakota, Central Division. Petitioner was taken into custody on or about March 18, 2005, upon the filing of the petition to revoke his probation. Petitioner admitted to the allegation in the petition; that is, that Petitioner had failed to reside and participate in the program of the community corrections center at Glory House in Sioux Falls, South Dakota. On June 6, 2005, Petitioner's probation was revoked, and he was sentenced to juvenile detention for a term of 21-months. Norenberg Decl. ¶ 3, Attach. A, Public Information Data. Petitioner has remained in custody since March 18, 2005. Petitioner has a projected release date of December 13, 2006, via good conduct time release. Norenberg Decl., Attach. A, Public Information Data. Petitioner has not been granted any prior custody credit for the time served while he was awaiting his dispositional hearing regarding his probation violation. Norenberg Decl. ¶ 5. Petitioner has not filed any administrative remedies with the BOP on this issue. Norenberg Decl. ¶ 5.

Petitioner filed the present Petition pursuant to 28 U.S.C. § 2241, requesting that this Court direct the Bureau of Prisons (hereinafter "BOP") to grant him credit for the time he served while awaiting the disposition hearing and entry of judgment in his juvenile case. Petitioner is seeking credit for the 80 days he served between the time he was taken into custody, on March 18, 2005, to the time he was sentenced at the dispositional hearing held on June 6, 2005.

## III. DISCUSSION

Petitioner brings the present habeas corpus action pursuant to 28 U.S.C. § 2241, challenging the BOP's refusal to grant his credit for time served. Petitioner may "properly attack the execution of his sentence in a 28 U.S.C. § 2241(a) habeas petition." *Bell v. United States*, 48 F.3d 1042, 1043 (8th Cir.1995). This Court has subject matter jurisdiction to hear this claim because this Court has "jurisdiction over his present custodian;" that is, FMC-Sandstone. *Id.* at 1043-44 (citing *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95 (1973); *Thompson v. Missouri Bd. of Parole*, 929 F.2d 396, 398 (8th Cir.1991)).

42 U.S.C. § 1997e, the Prison Litigation Reform Act (PLRA), requires a prisoner to exhaust all available administrative remedies before filing suit in a federal district court with respect to prison conditions under 42 U.S.C. § 1983 or other federal law. 42 U.S.C. § 1997e(a). The BOP has promulgated a three-level administrative remedy system that can be found at 28 C.F.R. §§ 542.10 to 542.16. Once an inmate has exhausted all of the administrative remedies that are available to him, he may then seek judicial review of that determination. *United States v. Wilson*, 503 U.S. 329, 335-36 (1992). However, an inmate need not exhaust his administrative remedies "where the state administrative body was found to be biased or to have predetermined the issue before it." *Gibson v. Berryhill*, 411 U.S. 564, 574 n.14 (1973).

18 U.S.C. § 3585 permits a prisoner to be awarded credit for time served toward a sentence of imprisonment for any time spent in official detention prior to the date of the commencement of the sentence. Section 3585 states:

> (a) Commencement of sentence.--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at

which the sentence is to be served.

(b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--

(1) as a result of the offense for which the sentence was imposed; or

(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

18 U.S.C. § 3585.

Prior to October 25, 1999, the BOP followed the policy set forth in the 1993 Program Statement 5800.30, the Sentence Computation Manual, which instructed the BOP to credit juvenile official detention sentences pursuant to 18 U.S.C. § 3585(b) in the same way that the BOP credits time served in prior custody for adult prison sentences. Norenberg Decl. Attach. B, Program Statement 5800.30. On October 25, 1999, the BOP changed this policy by issuing an Operations Memorandum regarding the award of prior custody credits for juveniles who were adjudicated delinquent pursuant to 18 U.S.C. §§ 5031-5042. Norenberg Decl. Attach. B, Operations Mem. 055-99 (5880). The BOP asserts that it changed this policy, "in part, to conform with the district court opinion in United States v. D.H. . . . which held that the juvenile was not a 'person entitled to credit for presentence time served' as calculated by BOP, and denial of credit did not result in sentencing disparity." (Mem. in Opp. at 3) (quotations omitted).

### A.   Any Attempt by Petitioner to Exhaust His Administrative Remedies Would Have Been Futile in the Present Case.

At page three of its memorandum in opposition to this petition, the BOP states the following:

The 1993 BOP Program Statement 5880.30, which is the current policy, actually

> states that a juvenile gets prior custody credit just as a sentenced adult would. However, [the BOP] ha[s] been operating from an Operations Memorandum that states to the contrary. The Operations Memorandum was initially issued in 1999 and re-issued every year thereafter; however, the most recent Operations Memorandum expired on April 2006 and the new draft is being routed for signature. Even though the Operations Memorandum is not currently up to date, legal staff for BOP in the District of Minnesota have been advised by the BOP Sentencing and Designations Center that we are to continue to utilize the practice of not granting prior custody credits to juveniles.

(Mem. in Opp. at 3, n. 1.) However, on page five of its memorandum in opposition to this petition, the BOP argues that the petition should be dismissed because Petitioner has failed to exhaust his administrative remedies on this issue as required by the Prison Litigation Reform Act. The BOP argues that the United States Supreme Court held in *Woodford v. Ngo*, 126 S.Ct. 2378, 2384-87 (2006), that exhaustion of available administrative remedies is required for any suit challenging prison conditions, and that Petitioner has not properly exhausted his administrative remedies. Petitioner argues that any attempt to exhaust his administrative remedies would have been futile. The BOP argues that Petitioner's futility argument fails because "the Operations Memorandum has expired and [therefore] the policy is not clear, [so] the issue should be addressed through the administrative remedy program." (Mem. in Opp. at 5.)

The Court rejects the BOP's argument that Petitioner should be required to exhaust his administrative remedies in the present case before proceeding to federal district court to seek relief. On page three of its memorandum, the BOP conceded that "legal staff for BOP in the District of Minnesota have been advised . . . that we are to continue to utilize the practice of not granting prior custody credits to juveniles." (Mem. in Opp. at 3, n. 1.) Therefore, it is clear that any attempt by Petitioner to exhaust his administrative remedies concerning his request to be given prior custody credit is futile, as the BOP clearly stated that it will not grant prior custody credits to juveniles, even

though the Operations Memorandum has expired. The BOP's policy is clear: it will not grant prior custody credits to juveniles. Therefore, the Court finds that the BOP has "predetermined the issue before it" such that any attempts to exhaust would have been futile. *See Gibson*, 411 U.S. at 574 n.14. Since any attempts by Petitioner to exhaust his administrative remedies would have been futile, Petitioner's failure to exhaust his available administrative remedies is excused, and this Court will reach the merits of his claim.

> **B. Petitioner is Entitled to Receive Prior Custody Credit In the Same Way that An Adult Prisoner is Entitled to Receive Prior Custody Credit Pursuant to 18 U.S.C. § 3585(b).**

In the present case, the sole argument advanced by the BOP is that Petitioner failed to exhaust his administrative remedies. The BOP does not advance any arguments concerning the substantive applicability of 18 U.S.C. § 3585(b) to Petitioner. However, in support of its change of policy in 1999, the BOP relied upon the decision of the district court in *United States v. D.H.*, 999 F.Supp. 2d 748 (D.V.I.), *on reconsideration*, 12 F.Supp. 2d 472 (D.V.I.1998).

In *United States v. D.H.*, the court concluded that, since 18 U.S.C. § 3585 applies to "defendants," who are, "by definition adults," the very terms of section 3585 do not apply to juveniles. *Id.* at 749. The court further concluded that "[s]ince D.H. was not criminally sentenced to a term of imprisonment under 18 U.S.C. § 3585(a), but was instead civilly adjudicated a delinquent juvenile, he is not entitled to credit for prior custody under section 3585(b)." *Id.* at 749-50.

This Court is governed by the law of the Eighth Circuit, not the law of the District of the Virgin Islands. The Eighth Circuit has not adopted the decision of the district court for the District of the Virgin Islands in *United States v. D.H.*, 999 F.Supp. 748 (D.V.I.), *on reconsideration*, 12

-6-

F.Supp.2d 472 (D.V.I. 1998). This Court is not persuaded by the reasoning of the District of the Virgin Islands, that a juvenile is not a person entitled to credit for time served as calculated by the BOP. Furthermore, the BOP did not argue in its memorandum that it's interpretation of 18 U.S.C. § 3585 is entitled to deference, and the Court declines to give deference to this interpretation. The BOP's current policy contradicts the policy it followed prior to 1999, and the BOP admits that it changed its policy in response to a district court opinion, not after an independent review that led the BOP to change the policy on its own accord. For all of these reasons, the Court will not grant deference to the BOP policy.

The question before this Court is whether Congress intended 18 U.S.C. § 3585(b) to apply to juveniles. In its memorandum, the BOP acknowledges that the Court of Appeals for the Ninth Circuit and the United States District Court for the Central District of South Dakota, the same district that sentenced Petitioner, have ruled against the BOP on this issue. As of the date of this report and recommendation, three courts have considered the issue of whether 18 U.S.C. § 3585(b) applies to juveniles, and all three have ruled against the BOP on this issue. *See Jonah R. v. Carmona*, 446 F.3d 1000 (9th Cir.2006); *D.P.S. v. United States* (slip. op. No. 1:06-cv-046 D.N.D., Oct. 16, 2006); *J.P.C v. United States*, 430 F.Supp.2d 961 (D.S.D.2006).

This Court is persuaded by the reasoning announced by these courts. In *Jonah R. v. Carmona*, the Ninth Circuit began its analysis by looking at the plain meaning of 18 U.S.C. § 3585. The Ninth Circuit noted that while a successful prosecution of a juvenile in federal court under the Federal Juvenile Delinquency Act ("FJDA") resulted in a civil adjudication, not a criminal conviction, and that a "somewhat different vocabulary is sometimes used in the juvenile justice system . . . most of the terms that are so purportedly foreign to the FJDA- 'defendant,' 'offense,' and

'sentence'- are frequently used in connection with juveniles." *Id.* at 1006. The Ninth Circuit noted that, while "[t]he FJDA distinguishes between 'juvenile delinquency' and 'crime' when it defines the terms, . . . it also conflates the two." *Id.* The Ninth Circuit provided several examples of this conflation, noting that "the FJDA provides for federal jurisdiction over 'a juvenile alleged to have committed an act of juvenile delinquency' if the Attorney General certifies that 'the *offense* charged is a *crime* of violence. . . . [and that] [a]nother statute in Title 18 expressly defines 'offender' as including a person 'adjudged to have committed an act of juvenile delinquency.' " *Id.* (quoting 18 U.S.C. §§ 5032, 4101(e)) (*emphasis in original*).

In *Jonah R.*, the Ninth Circuit noted that 18 U.S.C. § 3568,

> the predecessor of § 3585, contained a single express exception: its pre-sentence custody credit did not apply to offense[s] triable by court martial, military commission, provost court, or other military tribunal[.] . . . When Congress replaced § 3568 with § 3585, it eliminated this express exception. The canon *expressio unius est exclusio alterius* supports the conclusion that Congress intended § 3568 to apply to all other categories of persons in federal custody, including juveniles, and that Congress knows how to craft an exception when it intends one. Section 3585's elimination of § 3568's only express exception suggests that the statute should have wider, not narrower, applicability.

*Id.* at 1007 (citations and quotations omitted.) The Ninth Circuit concluded that "the terms of § 3585 do not unambiguously preclude its application to juveniles" and the court turned to other canons of statutory interpretation to determine whether § 3585 applies to juveniles. *Id.* at 1007.

The Ninth Circuit then turned to an analysis of statutes related to 18 U.S.C. § 3585 to determine whether § 3585 applies to juveniles. The *Jonah R.* court noted that, in 1977, Congress enacted a transfer statute to facilitate and regulate the transfer of prisoners in and out of the United States, and that this statute "provides that '[t]he *transferred offender* shall be given credit toward service of the sentence for any days, prior to the date of commencement of the sentence, spent in

-8-

custody in connection with the offense or acts for which the sentence was imposed.' " *Id.* (quoting 18 U.S.C. § 4105(b)) (*emphasis in original*). The Ninth Circuit further noted that the transfer statute defines an offender as " 'a person who has been convicted of an offense or who has been adjudged to have committed *an act of juvenile delinquency*' " and that this statute means that "an American juvenile arrested elsewhere receives credit for pre-sentence custody served abroad when he . . . is transferred to an American detention facility." *Id.* at 1007-1008 (quoting 18 U.S.C. § 4101(e)) (*emphasis in original*). As observed by the Ninth Circuit, this Court also notes that this statute "points to the obvious conclusion that § 3585 should apply to the FJDA to ensure that juveniles arrested [in the United States] receive the same treatment as juveniles arrested abroad." *Id.* at 1008.

After reviewing these statutes, the Ninth Circuit reviewed the legislative history surrounding 18 U.S.C. § 3585. The Ninth Circuit held that, at the time of its enactment, "both the BOP and federal courts understood that § 3568, the predecessor to § 3585, applied to juveniles." *Id.* The Ninth Circuit rejected the government's argument that "a 1986 amendment to §5037 dealing with good time credit, confirms Congress's intent to put juveniles beyond the reach of § 3585." *Id.* at 1009. The 1986 amendment "revised § 5037 to read in part, 'Section 3624 [the provision permitting good time credit] is applicable to an order placing a juvenile under detention.' " *Id.* at 1010 (quoting 18 U.S.C. § 5037(c)). The Ninth Circuit concluded that the government's argument conflicted with the stated intentions of the sponsors of the 1986 amendment. The sponsors of the 1986 amendment stated that the FJDA did not, at that time, clearly provide that good time provisions were applicable to juveniles, that there was no good justification for failing to provide good time credit to juveniles, and that the failure to provide good time provisions would make juvenile sentences more severe than adult sentences. *Id.* at 1010. The Ninth Circuit concluded that

> the 1986 amendment reflect's Congress's desire to make sure that existing sentencing practices maintaining parity between the treatment of adults and juveniles continue. That Congress saw no need to rewrite § 5307 also to include a reference to § 3585 ... indicates that Congress was satisfied with the BOP's understanding that juveniles received credit for time spent in pre-sentence custody.

*Id.*

After reviewing the legislative history surrounding 18 U.S.C. § 3585, the court in *Jonah R.* looked to the purposes of the statute. *Id.* This Court agrees with the reasoning of the Ninth Circuit that "juveniles should be included in, and should benefit from, § 3585" as the "emphasis on rehabilitation and leniency [in the FJDA] makes it highly unlikely that Congress meant to treat juveniles more harshly than adult offenders." *Id.* at 1010. In *Jonah R.*, the Ninth Circuit concluded that "when Congress revised § 3585 and the FJDA in 1984, it intended for the BOP to continue to credit juveniles with time spent in pre-sentence custody." *Id.* at 1011. This Court agrees.

While the facts in *Jonah R.* related to the time Jonah R. spent in pre-sentence custody, the legal analysis in *Jonah R.* is similarly applicable to the facts of the present case, where Petitioner requests credit for time served while he was awaiting his dispositional sentencing. The District of South Dakota recently considered the exact issue facing the Court in the present case, and came to the same conclusion; that is, that the BOP was required to give credit for time served to a juvenile petitioner for the time the p`etitioner served while awaiting his dispositional sentencing. *J.U.V. v. United States*, 430 F.Supp.2d 961, 967 (D.S.D.2006). The court in *J.U.V.* considered the wording of 18 U.S.C. § 5037 when reaching its conclusion. 18 U.S.C. § 5037(d)(5) applies to the revocation hearing of a juvenile, and states:

> If the juvenile violates a condition of juvenile delinquent supervision at any time prior to the expiration or termination of the term of supervision, the court may, after a dispositional hearing and after considering any pertinent policy statements

> promulgated by the Sentencing Commission pursuant to section 994 of title 18, revoke the term of supervision and order a term of official detention. The term of official detention which is authorized upon revocation of juvenile delinquent supervision shall not exceed the term authorized in section 5037(c)(2)(A) and (B), *less any term of official detention previously ordered.*

18 U.S.C. § 5037(d)(5)(*emphasis added.*)

In the present case, like the Petitioner in *J.P.C.*, Petitioner was officially detained on March 18, 2005, upon order by the court based upon allegations that he had violated the conditions of his probation. As noted by the United States Supreme Court, in a case that originated in the Eighth Circuit, the

> application of the language in § 5037(c)(1)(B) permitting detention for a period not to exceed 'the maximum term of imprisonment that would be authorized if the juvenile has been tried and convicted as an adult' refers to the maximum length of sentence to which a similarly situated adult would be subject if convicted of the adult counterpart of the offense and sentenced under the statute requiring application of the Guidelines, § 3553(b).

503 U.S. 291, 306 (1992); *see also United States v. K.R.A.*, 337 F.3d 970, 974 (8th Cir.2003). As noted by the district court in *J.P.C.*, "[r]egardless what sentence was imposed, BOP cannot insist on a longer sentence for juveniles by giving credit to adults for time served while denying the credit to similarly situated adults. BOP has violated what would be a logical extension of the teaching of *United States v. R.L.C.*" *J.P.C. v. United States*, 430 F.Supp.2d at 967.

This Court is persuaded by the reasoning advanced by the Ninth Circuit in *Jonah R.* and the District of South Dakota in *J.P.C.*, and therefore concludes that 18 U.S.C. § 3585(b) applies to Petitioner. Therefore, this Court recommends that Petitioner is entitled to credit for the time he served while awaiting his dispositional hearing for the violation of his probation. However, it is the responsibility of the BOP to determine what that credit is. This Court therefore recommends that

the BOP be ordered forthwith and without delay to calculate the credit to which Petitioner is entitled for time spent in official detention awaiting his probation dispositional hearing. The BOP shall then release Petitioner according to its calculations.

### III. RECOMMENDATION

Based on all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Petitioner's Petition for Writ of Habeas Corpus [#1] be **GRANTED**, that the BOP calculate the credit to which Petitioner is entitled for time spent in official detention awaiting his probation dispositional hearing, and that the BOP release Petitioner according to its calculations.

DATED: November 3, 2006                                    s/ *Franklin L. Noel*
                                                                                    FRANKLIN L. NOEL
                                                                                    United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **November 24, 2006**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.